UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WANDA HOLLIDAY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-194-BAJ-RLB** |
| **U.S. BANK, NATIONAL ASSOCIATION, ET AL.** | |

## ORDER

Before the Court is Defendant Trans Union LLC and U.S. Bank, National Association's Joint Motion to Stay All Deadlines. (R. Doc. 42). The motion is opposed. (R. Doc. 45).

On March 22, 2022, Wanda Holliday ("Plaintiff") commenced this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FRCA") alleging that the defendant U.S. Bank, National Association ("U.S. Bank") negligently, recklessly, and knowingly reported false information regarding Plaintiff to the national credit reporting agencies, and that the defendants Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"),[1] and Equifax Information Services, LLC ("Equifax") negligently and reckless disseminated false information regarding the Plaintiff's credit. (R. Doc. 1). After U.S. Bank filed a motion to dismiss (R. Doc. 22), which remains pending before the district judge, Plaintiff filed an Amended Complaint. (R. Doc. 25).

On June 21, 2022, U.S. Bank and Trans Union filed motions to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (R. Docs. 31, 32). These motions argue that Plaintiff's claims fail as a matter of law because the Amended Complaint does not allege that the information provided by U.S. Bank was

---

[1] Plaintiff has dismissed her claims against Experian. (R. Doc. 35). While Equifax remains a defendant, Plaintiff represents that she has resolved her claims against both Experian and Equifax. (*See* R. Doc. 45 at 3 n.3).

inaccurate. The motions, which are fully briefed (*see* R. Docs. 39, 40, 43, 44), remain pending before the district judge.

On June 24, 2022, the Court issued a Scheduling Order in this action setting, among other things, the deadline to complete non-expert discovery by March 16, 2023. (R. Doc. 34).

U.S. Bank and Trans Union filed the instant Joint Motion to Stay all Deadlines on July 20, 2022. (R. Doc. 42). Through this motion, U.S. Bank and Trans Union seek a stay of all deadlines, including the discovery deadlines, until resolution of their pending motions to dismiss.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted).  "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).  Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay

while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

Having considered the arguments of the parties, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district,[2] the Court concludes that U.S. Bank and Trans Union have not met their burden of establishing that a stay of discovery, or any other deadlines in this action, is merited pending the resolution of their motions to dismiss. U.S. Bank and Trans Union do not provide any particular and specific facts demonstrating that continuing discovery in this action while their motions to dismiss are pending would result in annoyance, embarrassment, oppression, or undue burden or expense. At most, U.S. Bank and TransUnion offer that their motions to dismiss do not require any discovery for their resolution. That is true of any Rule 12(b)(6) motion, which must be decided on the pleadings unless converted into a motion for summary judgment.

It is further worth noting that the deadlines entered into the Court's Scheduling Order were jointly proposed by the parties without any objection to proceeding with discovery. (*See* R. Docs. 30, 34). Nothing in this Order shall be interpreted as deciding the merits of the pending motions to dismiss.

For the foregoing reasons,

**IT IS ORDERED** that the Joint Motion to Stay All Deadlines (R. Doc. 42) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 18, 2022.

  
          **RICHARD L. BOURGEOIS, JR.**
          **UNITED STATES MAGISTRATE JUDGE**

---

[2] The sole decision from this district relied upon by U.S. Bank and Trans Union concerned a stay of discovery in light of a qualified immunity defense afforded to government officials. *See Nelson v. Louisiana Dep't of Pub. Safety & Corr.*, No. 18-282-SDD-EWD, 2019 WL 2062501, at *3 (M.D. La. May 9, 2019). U.S. Bank and Trans Union, which are private entities, do not and cannot raise the defense of qualified immunity.